

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ben Charlie Chapman
District Attorney
Haskell, Texas

Dear Sir:

Opinion No. O-4316
Re: Whether independent school
district may incur obliga-
tions and issue warrants in
payment thereof payable from
the future funds of the dis-
trict.

We have received your letter of recent date which we quote in part as follows:

"I have been requested to give an opinion as to whether or not the Haskell Independent School District is legally empowered to borrow money for the purpose of paying outstanding obligations, approximating $15,000.00, the principal portion of which were incurred in order to pay the salaries of teachers, supplies and various other expenditures, and whether or not said District can issue warrants against the future funds of said school for the purpose of repaying the loan."

This department has frequently had the same question presented for an opinion, and it has consistently held that the trustees of a school district are not authorized to create a debt payable out of the revenues of the district of a subsequent year. Such a debt is void and creates no claim against the district. Opinions No. O-2231, No. O-4001, No. O-1387, No. O-4257; Articles 2749, 2827, R. C. S.; Collier v. Peacock, 54 S. W. 1025; Templeman Common School District v. Boyd B. Head Company, 101 S. W. (2d) 352; First National Bank of Athens v. Murchison Independent School District, 114 S. W. (2d) 382; Harlingen Independent School District, v. C. H. Page & Bro., 48 S. W. (2d) 983; Warren, et al. v. Sanger Independent School District, et al., 288 S. W. 159.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The conclusion which you have reached is stated in your brief as follows:

"In view of the above provisions of the statutes and the construction placed upon the same by our Courts it is my opinion that since said School District does not now have nor will have during the current scholastic year available or accruing to it funds necessary to meet the obligation which it purposes to contract by issuing warrants against the funds of future years in order to pay the deficiency of prior years that the trustees are without authority of law to incur such debt."

We are of the opinion that your statement of the law is correct. A school district may not incur an obligation greater than the amount of funds on hand or that may reasonably be anticipated for that school year. Nor may the district incur an obligation to be paid from the revenues of a subsequent year.

As we have passed on this matter before, we do not deem it necessary to go into further detail. We enclose for your consideration copies of Opinions No. O-4257, No. O-2231, No. O-1387, No. O-4181, and No. O-4001.

We wish to thank you for your very able brief.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
George W. Sparks
Assistant

APPROVED JAN 21, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

GWS:db

Enclosures


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN